IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREEMAN BANKSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-14 |
| | ) | |
| BRADLEY ECKBERG, et al., | ) | Magistrate Judge Dodge |
| | ) | Judge Haines |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. Recommendation

It is respectfully recommended that the Motion to Dismiss filed by Defendants Bradley Eckberg and Anne Saint (ECF No. 18) be granted and that Plaintiff's Eighth Amendment claim be dismissed with prejudice and without leave to amend. It is further recommended that, to the extent the Complaint asserts a negligence claim, it should be dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

### II. Report

#### A. Relevant Background

Plaintiff Freeman Bankston, a prisoner who is currently incarcerated at the State Correctional Institution at Mercer, Pennsylvania ("SCI Mercer"), but was previously incarcerated at SCI Houtzdale, brings this pro se civil rights action under 42 U.S.C. § 1983. He asserts several claims arising out of an incident at SCI Houtzdale on December 3, 2024 in which he ingested food that may have contained a foreign object and sustained injuries as a result.

Plaintiff's Complaint raises a claim under the Eighth Amendment to the United States Constitution and "the laws of this state," which the moving Defendants construe as a claim for negligence under Pennsylvania law. He names as Defendants Bradley Eckberg and Anne Saint,

who are personnel with the Department of Corrections ("DOC"), as well as "Market Square [John Doe]," the provider of the food item.[1]

Pending before the Court is a motion to dismiss the Complaint filed by Defendants Eckberg and Saint. For the reasons that follow, their motion should be granted and the Eighth Amendment claim should be dismissed with prejudice and without leave to amend. In addition, to the extent the Complaint contains a negligence claim, it should be dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

B. **Procedural History**

Plaintiff commenced this action by submitting a motion for leave to proceed in forma pauperis on January 13, 2025. (ECF No. 1.) After deficiencies were cured, his motion was granted, and the Complaint was docketed. (ECF No. 7.) Federal question subject matter jurisdiction is based on the civil rights claim asserted, 28 U.S.C. §§ 1331, 1343.[2]

The motion to dismiss (ECF No. 18) was filed on June 16, 2025. Despite the issuance of two orders of Court (ECF Nos. 20, 26) directing Plaintiff to respond, Plaintiff has not responded to the motion.

C. **Facts Alleged in Complaint**

Plaintiff's Complaint alleges that, on December 3, 2024, he was provided a honey bun by Eckberg, Saint and "Joe" or "John Doe." As he started to eat it, he felt an object go down his throat causing him pain and "impairing his air intake." He claims that all of the Defendants failed to enforce a DOC safety policy that is designed to prevent injuries to prisoners. As a result, he suffered pain to his mouth, throat and G.I. tract, was exposed to poor and unsafe living

---

[1] This defendant is also referred to as "Joe" in the body of the Complaint.
[2] As explained below, to the extent Plaintiff is also alleging a state law negligence claim, supplemental jurisdiction would apply to it. 28 U.S.C. § 1367(a).

conditions, and was seen by the medical department for medical treatment. (Compl. ¶¶ 5-12.)

Plaintiff alleges that because Defendants "exposed him to poor and unsafe living conditions and were deliberate[ly] indifferent to Plaintiff's poor and unsafe living conditions, [they] violated Plaintiff's rights under the 8th Amendment to the U.S. Constitution, and the laws of this State." (*Id.* ¶ 13.)

Plaintiff seeks $2 million in compensatory damages and $5,000 in punitive damages against each Defendant, as well as "commutation of his sentence of 18 months, in the form of injunctional relief." (*Id.* ¶¶ 14-16.)

### D. Standard of Review

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As noted by the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint

3

to evaluate whether the elements of the claim are sufficiently alleged. If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

When dismissing a civil rights case for failure to state a claim, a court typically must allow a plaintiff to amend a deficient complaint, irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alston v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

"A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

### E. Analysis

Plaintiff's federal claim is asserted under 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). *See also Baker*, 443 U.S. at 140; *Graham v. Connor*, 490 U.S. 386, 394 (1989).

The Complaint asserts a claim under the Eighth Amendment, which prohibits "cruel and unusual punishment." Defendants challenge Plaintiff's Eighth Amendment claim as insufficient to state a claim for relief.[3]

  1. <u>Eighth Amendment Claims</u>

    a. Claim against Eckberg and Saint

The Eighth Amendment, which prevents the imposition of "cruel and unusual punishment," applies to the states through the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660 (1962). Plaintiff raises a conditions of confinement claim under the Eighth Amendment, which Defendants Eckberg and Saint move to dismiss.[4]

The Eighth Amendment "prohibits any punishment which violates civilized standards and concepts of humanity and decency." *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992), *superseded by statute on other grounds as stated in Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000) (citations omitted). "The Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes, cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347.

To prevail against prison officials on a claim that an inmate's conditions of confinement violated the Eighth Amendment, an inmate must meet two requirements: (1) the deprivation that

---

[3] The moving Defendants first argue that any official capacity claims should be dismissed based on Eleventh Amendment immunity. However, because Plaintiff alleges only one federal claim and it should be dismissed on the merits, the Court need not address this argument.

[4] As the moving Defendants note, a claim of deliberate indifference to serious medical needs would also be brought under the Eighth Amendment, but Plaintiff does not allege such a claim. On the contrary, he alleges that he required and received medical care.

is alleged must be, objectively, "sufficiently serious," and (2) the "prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). The first element is satisfied when an inmate is deprived of "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). The second element is satisfied when an inmate shows that prison officials acted with deliberate indifference to the inmate's health or safety or conditions of confinement that violated the inmate's constitutional rights. *Id.* at 302-03.

As courts have found, "life's basic necessities" include "food, clothing, shelter, medical care, and reasonable safety." *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). At the same time, claims relating to a one-time incident of food tampering or poisoning have been found insufficient. For example, in a case in which a prisoner alleged that prison guards had deliberately placed foreign objects in his food, the Court of Appeals concluded as follows:

> Addressing Robinson's first condition-of-confinement claim stemming from his allegations that Correctional Officers Henry and Harris placed foreign objects in his food, the District Court concluded the objects did not amount to a "substantial deprivation, or anything more than temporary distress." *Robinson [v. Beckles]*, 117 F. Supp. 3d [528,] 545 [(D. Del. 2015)]. Robinson provided evidence in support of only one incident of foreign objects in his food, which he described as "two little pieces ... of metal." Under well-settled Eighth Amendment principles, Robinson failed to establish an objectively, sufficiently serious deprivation to survive summary judgment. *See Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that [prison] food occasionally contains foreign objects ... while unpleasant, does not amount to a constitutional deprivation."); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (same); *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) ("A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected."); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (ruling that presence of foreign objects in food was insufficient to prove deliberate indifference).

*Robinson v. Danberg*, 673 F. App'x 205, 213 (3d Cir. 2016) (record citation omitted). *See also*

*Rodriguez v. Nichols*, 521 F. App'x 47, 49 (3d Cir. 2013) (affirming dismissal of "complaint [ ] premised on a one-time adulteration of [prisoner's] food" with rodent body parts); *Wesley v. Varand*, 505 F. App'x 91, 94 (3d Cir. 2012) (dismissing complaint alleging corrections officers intentionally placed bullet fragments in prisoner's food, biting into which caused "chunks of [prisoner's] teeth to fall out"); *Ali v. Suchocki*, 254 F. App'x 143, 145 (3d Cir. 2007) (affirming summary judgment for defendants where prisoner had claimed one incident of purposeful food tampering for which he developed a headache and nausea).

In light of this precedent, Plaintiff's allegations based on a one-time potential foreign object in food he ingested that caused injury and required medical treatment does not state a conditions of confinement claim under the Eighth Amendment, regardless of whether the object was negligently or intentionally placed into his food. Therefore, the motion to dismiss this claim should be granted with prejudice and without leave to amend.[5]

### b. Claim against "Market Square [John Doe]" or "Joe"

Under the Prison Litigation Reform Act ("PLRA"), the Court has an independent duty to review the Complaint based on Plaintiff's status as an in forma pauperis litigant. By statute, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In performing a court's mandated function under the PLRA to conduct a sua sponte review of a complaint to determine whether the plaintiff has failed to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under

---

[5] Plaintiff also alleges that Defendants failed to comply with a DOC safety policy, but this does not state a claim for relief. *See Lee v. Schrader*, 2014 WL 2112833, at *5 (W.D. Pa. May 20, 2014) (no claim based on failure to follow a DOC procedure); *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2008) ("a prison policy manual does not have the force of law and does not rise to the level of a regulation") (citation omitted).

Rule 12(b)(6). *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 588-89 (W.D. Pa. 2008).

A private individual (or entity) cannot be liable under § 1983 because they are not acting under color of state law. *See American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory of wrongful."). Moreover, even assuming for the sake of argument that § 1983 did apply, the same rationale discussed above would also preclude Plaintiff's claim against John Doe, Joe and/or Market Square because Plaintiff's allegations are insufficient to state a claim under the Eighth Amendment.

Therefore, the Eighth Amendment claim, the only federal claim asserted in this case, should be dismissed in its entirety.

### 2. Negligence Claim

Defendants note that Plaintiff refers to their "duties of care, custody, control, and daily operations of Plaintiff." (Compl. ¶ 2.) They argue that, to the extent he is alleging a negligence claim under Pennsylvania law, this claim cannot be maintained against them because of the doctrine of sovereign immunity, 42 Pa. C.S. § 8521(a), § 8522(b). "Sovereign immunity applies to intentional and negligent torts." *Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010) (citations omitted). Given the recommendation that the sole federal claim should be dismissed, however, the Court must first determine whether to exercise jurisdiction over this claim.

The supplemental jurisdiction statute provides that:

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

Plaintiff's negligence claim arises out of the same circumstances and is so related to the federal claim that it forms part of the same case or controversy. *See Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995). Subsection (c) of the supplemental jurisdiction statute, 28 U.S.C. § 1367(c), provides, however, that a district court may, in its discretion, decline to exercise jurisdiction if any of four conditions exist, one of which is if "the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). The Court of Appeals has stated that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

This case is at an early stage and there are no significant circumstances of judicial economy, convenience, or fairness that justify retaining jurisdiction over the potential negligence claim. Thus, the negligence claim should be dismissed without under § 1367(c)(3). *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).

### III.   Conclusion

For these reasons, it is respectfully recommended that the Motion to Dismiss of Defendants Bradley Eckberg and Anne Saint be granted and that the Eighth Amendment claim be dismissed with prejudice and without leave to amend. It is further recommended that, to the extent the Complaint contains a negligence claim, it should be dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by January 20, 2026. Any party opposing the objections shall file a response by February 2, 2026. Failure to file timely objections will waive the right of appeal.

Dated: January 5, 2026                              /s/ Patricia L. Dodge
                                                    PATRICIA L. DODGE
                                                    UNITED STATES MAGISTRATE JUDGE

cc:     FREEMAN BANKSTON
        QB2366
        SCI MERCER
        801 BUTLER PIKE
        MERCER, PA 16137